IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRIS HYTE,<br><br>Defendant. | Case No. 08-cr-0894<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Defendant Darris Hyte, a federal prisoner, has filed a motion seeking a reduction of his sentence under Section 404 of the First Step Act of 2018. *See* Pub. L. No. 115-391, 132 Stat. 5194, § 404 (2018). For reasons stated herein, Hyte's motion is denied.

**I. Background**

On October 30, 2008, Darris Hyte was indicted by a federal grand jury on drug and firearm charges. Dkt. 1, 1. He was charged with possessing a firearm as a felon; possessing crack cocaine with the intent to distribute; possessing a firearm in furtherance of drug trafficking; and possessing a firearm with a removed serial number. *Id.* at 1-4. On June 10, 2009, Hyte pleaded guilty to the third count of the indictment—possessing a firearm in furtherance of drug trafficking. The Presentence Investigation Report determined that Hyte was a career offender based on previous cocaine offenses. Dkt. 17 at 1. He was subsequently sentenced to twenty years in prison and five years of supervised released. Dkt. 24.

On December 21, 2018, the First Step Act of 2018 was passed. The act, among other things, allows defendants convicted of certain crimes related to the possession of crack cocaine to petition federal district courts for a reduced sentence. § 404. On March 2, 2020, Hyte filed the present motion for his sentence to be reconsidered consistent with this statute.

## II. Analysis

Hyte's motion depends on the applicability of the First Step Act to his conviction. To understand the First Step Act, we must first consider another statute. In 2010, Congress passed the Fair Sentencing Act. *See* Pub. L. No. 111-220, 124 Stat. 2372 (2010). The law reduced the statutory penalty for crack offenses by increasing the quantity of cocaine required to trigger mandatory minimum sentences. The changes "reflected a recognition that the tremendous disparities in punishment of powder-cocaine and crack-cocaine offenses disparately impacted African Americans." *United States v. Shaw*, 957 F.3d 734, 737 (7th Cir. 2020). At the time, however, the Act only applied prospectively, leaving many individuals already imprisoned under long sentences without recourse.

Section 404 of the First Step Act attempts to rectify that deficiency by making the Fair Sentencing Act retroactively applicable. District courts now have the authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." § 404(b). Importantly, the court only has the authority to impose the reduced sentence if it had previously "imposed a sentence for a *covered offense*." § 404(b) (emphasis added). A covered

offense, in turn, is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." § 404(a). To qualify for modification under the First Step Act, then, an individual must have been convicted under a statute whose penalties were modified by the Fair Sentencing Act. *Shaw*, 957 F.3d at 738. As discussed, the Fair Sentencing Act modified the penalties of crimes related to the possession of crack cocaine.

So, eligibility for sentence reduction under the First Step Act depends on the defendant having been convicted of a "crack-cocaine offense." *Id.* at 739. Deciding whether a defendant qualifies is a "categorical inquiry governed by the statute of conviction." *United States v. Boulding*, 960 F.3d 774, 775 (6th Cir. 2020). It is the conviction that matters, not the underlying facts nor other charges that were dismissed. *United States v. Jones*, No. 19-5433, 2019 WL 5436199, at *1 (6th Cir. Sept. 12, 2019) (holding that the Act does not apply when the only charge against the defendant involving crack cocaine was dismissed).

Hyte was not convicted of a crack-cocaine offense. Instead, he pled guilty to possessing a firearm in furtherance of drug trafficking. The penalties for this offense were not modified by the Fair Sentencing Act. As a result, Hyte does not qualify for sentence modification under the First Step Act. Hyte cites several cases where a modification was granted. *See, e.g., United States v. Hadley*, 389 F. Supp. 3d 1043 (M.D. Fla. 2019); *United States v. Biggs*, No. 05 CR 316, 2019 WL 2120226 (N.D. Ill. May 15, 2019); *United States v. Lee*, No. 1:08CR00024-007, 2019 WL 3073992, at *2 (W.D. Va. July 15, 2019). In all cited cases, however, the defendant had been

3

convicted of a statutory offense involving the possession or distribution of crack cocaine. The Court has not found a case where a defendant convicted solely of a firearm offense had their sentence reduced under the First Step Act.

Hyte alternatively argues his career offender designation should be reconsidered in light of the First Step Act. In determining whether the First Step Act applies, however, we look to the crime for which the defendant was convicted, not other sentencing considerations. *See United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020). The Seventh Circuit has held that a defendant who has qualified for reconsideration under the Act can have their career offender status reevaluated under the current law. *Id.* at 612. Hyte, however, cannot clear the preliminary hurdle. Due to plea-bargaining decisions made over a decade ago, he simply is not covered by the statute.

### III. Conclusion

For the stated reasons, Hyte's motion is denied.

E N T E R:

Dated: November 23, 2020

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

4