IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRIS HYTE,<br><br>Defendant. | Case No. 08-cr-0894<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Defendant Darris Hyte seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [63]. The Government filed a response in opposition to Defendant's *pro se* motion. [65]. For the foregoing reasons, this Court denies Defendant's motion [63].

**I. Background**

On October 30, 2008, a federal grand jury returned an indictment against Defendant. [1]. The indictment charged Defendant with possessing a firearm as a felon; possessing crack cocaine with the intent to distribute; possessing a firearm in furtherance of drug trafficking; and possessing a firearm with a removed serial number. [1] at 1–4. On June 10, 2009, Defendant entered a "blind plea"[1] to the third count of the indictment—possessing a firearm in furtherance of drug trafficking. The Presentence Investigation Report determined that Defendant was a career offender

---

[1] A "blind plea" is a plea of guilt entered without the benefit of a written Plea Agreement with the government.

1

based on previous cocaine offenses. [17] at 1. The Court sentenced Defendant to twenty years in prison and five years of supervised release. [24].

On March 2, 2020, Defendant filed a motion under Section 404 of the First Step Act, requesting a sentence reduction. [49]. This Court denied Defendant's motion because he did not qualify for a sentence modification under the First Step Act. [62].

Defendant now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). [63].

## II. Analysis

Under 18 U.S.C. § 3582(c)(1)(A), this Court may grant a defendant's motion to reduce his term of imprisonment after the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* The parties agree that Defendant has properly exhausted his administrative rights. [65] at 3.

Once Defendant has exhausted, this Court may reduce Defendant's term of imprisonment if the Court finds, "extraordinary and compelling reasons to warrant such a reduction." *United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). If this Court finds such reasons exist, "it then must weigh any of the applicable sentence factors in 18 U.S.C. § 3553(a) in determining whether to reduce a sentence." *Id.* Until the Sentencing Commission updates its policy statement to reflect prisoner-initiated motions for compassionate release, district

courts maintain broad discretion in determining what constitutes "extraordinary and compelling reasons" to warrant a sentence reduction. *Id.*; *see also United States v. Broadfield*, 5 F.4th 801, 802 (7th Cir. 2021). Defendant bears the burden to demonstrate such "extraordinary and compelling reasons." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). Here, however, Defendant falls short of raising "extraordinary and compelling reasons" to warrant a sentence reduction.

Defendant argues that the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) voids his blind plea because this Court accepted the plea without advising him of an element of the offense to which he pled guilty. [63] at 5–6. In *Rehaif*, the Court held that charges under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2) require the Government to prove both that a defendant knew he possessed a firearm and that he knew he belonged to the relevant category of people barred from possessing a firearm. *Id.* at 2200. Thus, if a defendant pled guilty to charges under those sections, the failure for the judge to admonish that defendant as to those knowledge elements might provide a basis for that defendant to void his or her guilty plea. *Rehaif* fails to apply here, however, because it concerned 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2), and Defendant pled guilty to a different charge—possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). Thus, the court had no obligation to admonish Defendant under *Rehaif* when it accepted Defendant's guilty plea.

Defendant also argues that Section 404 of the First Step Act entitles him to a sentence reduction. [63] at 7. Defendant, however, already made this argument in

3

his First Step Act motion, and this Court denied the motion because eligibility under the Act depends upon whether a defendant was convicted of a crack-cocaine offense, and Defendant was not convicted of such an offense. [62].

Next, Defendant contends that his conviction on § 924(c)(1)(A) is invalid because he was not also convicted of an underlying offense. [63] at 7–9. This argument, too, lacks legal merit because a conviction under § 924(c) "does not require a prosecution for or conviction of" a "predicate offense." *Davila v. United States*, 843 F.3d 729, 732 (7th Cir. 2016).

Finally, Defendant argues that he is "fearful for his life" due to the global COVID-19 pandemic. [63] at 12. At this point in the pandemic, "effective vaccines are available," and "[v]accinated prisoners are not at greater risk of COVID-19 than other vaccinated persons." *Broadfield*, 5 F.4th at 802. Records from the Bureau of Prisons shows that Defendant has been fully vaccinated. [65-3]. Thus, Defendant's vaccinated status "makes it impossible" to conclude the risk of COVID-19 constitutes an "extraordinary and compelling" reason for release. *Broadfield*, 5 F.4th at 803.

In sum, Defendant has failed to demonstrate "extraordinary and compelling" reasons to warrant a sentence reduction or release under 18 U.S.C. § 3582(c)(1)(A). This Court therefore need not reach consideration of the factors provided in 18 U.S.C. § 3553 and denies Defendant's motion. *See Thacker*, 4 F.4th at 573 (outlining the two-step compassionate release analysis).

## III. Conclusion

For the stated reasons, this Court denies Defendant's motion for compassionate release [63].

E N T E R:

Dated: October 22, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge